WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan L. Haas, | No. CV-13-01290-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Oregon Health and Science University; David L. Scott; United States of America, | |
| Defendants. | |

Pending before the Court is Defendants OHSU's and David L. Scott's Motion to Dismiss and Alternative Motion to Transfer Venue (Doc. 12) and Defendant United States' Motion to Dismiss and to Transfer Venue (Doc. 23). For the following reasons, the motions to dismiss are granted.

**BACKGROUND**

Plaintiff Jonathan L. Haas brings various claims against the Defendants because Defendants would not give Haas a kidney transplant. Haas is a veteran, and the Phoenix Veterans Affairs ("VA") Medical Center referred him to the Portland VA Medical Center for evaluation. The VA medical system operates several regional transplant facilities and transplant candidates from Arizona and other states in the region are sent to Portland for evaluation and possible treatment. Haas travelled to Portland, allegedly at the VA Medical System's expense, and was evaluated.

The Portland VA Medical Center and the Oregon Health and Science University ("OHSU") have a consortium, or sharing agreement, related to the transplant programs. They are located in adjacent, connected facilities, and work together to treat transplant

1  patients by sharing staff and facilities. During Haas's evaluation, he was seen by several
2  doctors including one examination by Defendant David L. Scott, an employee of OHSU.

3  Based on his evaluation, the Kidney Transplant Program Board (the "Board")
4  determined whether Haas was eligible for a transplant. Initially, the Board approved him
5  only for a live kidney donor because of his age and because he was determined to be a
6  high-risk case based on other medical conditions. Latter the facility discontinued that
7  designation category for live donor only. The Board reexamined Haas's case in light of
8  this change and determined he was no longer qualified for its available transplant
9  services. Haas appealed this determination and the Board denied his eligibility again.

10  Haas took issue with the Board's reliance on his age as a factor in determining his
11  eligibility, arguing that doing so was impermissible under the Age Discrimination Act.
12  He filed a claim with the VA in August of 2012, which it denied on January 22, 2013.
13  Haas then filed this action under the Federal Tort Claims Act in the District of Arizona on
14  June 27, 2013. (Doc. 1)

## DISCUSSION

Defendants seek dismissal or transfer on various grounds. OHSU and Dr. Scott seek dismissal based on a lack personal jurisdiction or because of improper venue. The United States seeks dismissal based on a lack of subject matter jurisdiction, improper venue, and failure to state a claim.

**I.  Jurisdiction under the Veterans' Judicial Review Act**

The substance of Haas's complaint is that the Defendant's denied him coverage for a transplant. At least as to the United States, Haas is asking this court to review the VA's decision not to treat him, and hold it liable for its failure to treat him. The Ninth Circuit recently reaffirmed that under the Veterans' Judicial Review Act of 1988 ("the VJRA"), district courts do not have the authority to review the VA's benefits decisions.

> We held in *Veterans for Common Sense v. Shinseki* that a district court does not have jurisdiction over claims that would require it to review a question of fact or law relating to or affecting veterans' benefits decisions. 678 F.3d 1013, 1022–25 (9th Cir. 2012) (en banc) ("First, Congress has

>expressly disqualified us from hearing cases related to VA benefits in [38 U.S.C.] § 511(a) . . . and second, Congress has conferred exclusive jurisdiction over such claims to the [Court of Appeals for Veterans Claims] and the Federal Circuit." (citations omitted)). Stated another way, if reviewing Plaintiffs' claim would require review of the circumstances of individual benefits requests, jurisdiction is lacking. *See id.* at 1034. "Benefits" include "any payment, service, . . . or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." *Id.* at 1026 (citing 38 C.F.R. § 20.3(e)).

*Recinto v. U.S. Dep't of Veterans Affairs*, 706 F.3d 1171, 1175 (9th Cir. 2013) *cert. denied*, 134 S. Ct. 83 (2013).

Here, this Court does not have jurisdiction over the subject matter. A transplant is a benefit because it is a service or a payment. This Court would be reviewing an individual benefits request if it considered the circumstance around Haas's attempt to receive a transplant. Such a review would entail the review of both the facts of Haas's case and the law relating to the VA's treatment decision. As defined in the VJRA and interpreted by the Ninth Circuit in *Veterans for Common Sense* and *Recinto*, this Court does not have the subject matter jurisdiction to hear Haas's claims against the United States. All of Haas's six claims require a review of the United States actions in denying Haas's transplant and a determination that those actions were wrongful. This Court cannot resolve any of these claims because it is without jurisdiction to determine the propriety of the United States' actions.

Haas argues that he should be allowed to proceed with this FTCA suit in the district court because the VA did not follow procedures from the Code of Federal Regulations. He argues that he was unable to follow the appeals process because after he filed a complaint the VA failed to fulfill its obligation to provide a Statement of the Case and a Form 9 Instructions. The United States disputes this accusation and notes that Haas was invited back to have a third evaluation after his complaint. After he was again denied a transplant, Haas did not file a renewed appeal. Regardless, Haas has not cited any

1 statute or case that shows that this Court has subject matter jurisdiction to correct any
2 errors that may have occurred in that process. If errors were made in his appeals process
3 before the VA, he should have appealed those errors through the hierarchy of reviewing
4 courts established by the VJRA which includes review by the Federal Circuit Court of
5 Appeals and the Supreme Court.
6       Accordingly, the United States' Motion to Dismiss is granted because this Court
7 does not have subject matter jurisdiction over such actions and Haas identifies no
8 exception to that rule.

9 **II.   Venue**

10       Although this Court's lack of jurisdiction over the VA might affect this Court's
11 jurisdiction over the remaining Defendants, that question was not briefed by the parties.
12 This Court finds it unnecessary to reach that question because venue is improper as to the
13 remaining Defendants.[1]

14       "Plaintiff has the burden of proving that venue is proper in the district in which the
15 suit was initiated." *Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243 (E.D. Cal.
16 2005) (citing *Airola v. King*, 505 F. Supp. 30, 31 (D. Ariz. 1980)); *see also Piedmont*
17 *Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). When deciding
18 a challenge to venue, the pleadings need not be accepted as true, and the district court
19 may consider facts outside of the pleadings. *Argueta v. Banco Mexicano, S.A.*, 87 F.3d
20 320, 324 (9th Cir. 1996).

21       Venue is generally determined under 28 U.S.C. § 1391. The United States
22 conceded that Arizona is a proper venue for Haas to sue it under § 1391(e). However,
23 OHSU and Dr. Scott argue that Haas may not bring the suit against them in this venue.
24 Section 1391(e) makes it clear that the venue must be independently proper for all
25 parties. Section 1391 provides in relevant part:
26       (b) Venue in general.—A civil action may be brought in—

27 ---
28      [1] The Court also does not reach the arguments for dismissal based on a lack of personal jurisdiction because it finds that dismissal is appropriate based on venue.

- 4 -

>  (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>  (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>  (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Venue is not permissible under (b)(1) because OHSU and Dr. Scott are Oregon residents and therefore all of the defendants do not reside in Arizona. Venue is also not proper in Arizona under (b)(2) because a substantial part of the event or omissions did not occur here and no property is involved. On the other hand, venue would be proper in Oregon under either (b)(1) because all of the Defendants reside there, or (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred there. Venue is only created under (b)(3) if § 1391 does not otherwise provide a suitable district. As just discussed, it does provide for venue in Oregon.

Haas makes no relevant arguments, nor provides other evidence or facts to show that venue in Arizona is proper in relation to OHSU and Dr. Scott. Haas cites 28 U.S.C. § 1331(a)(2) and 28 U.S.C. § 1346(a)(2) in support of his argument that venue is proper in Arizona. Those statues define jurisdiction, not venue. He discusses the convenience to him and the defendants in each forum, but those arguments are only relevant to whether this Court should transfer venue and not whether Arizona is a proper venue. This Court does note that Mr. Haas has some significant limitations, but they do not provide venue where it does not otherwise exist.

For those reasons, venue in Arizona is improper under 28 U.S.C. § 1391.

### III.   Dismissal or Transfer

The remaining Defendants, OHSU and Dr. Scott, request that this Court dismiss the action, or in the alternative, transfer it to Oregon. Given the lack of venue over OHSU and Dr. Scott, the Court has discretion to dismiss this case or, in the interest of

justice, transfer the case to a district where it could have been brought. 28 U.S.C. § 1406(a). The Court will dismiss this action because the interests of justice do not indicate that a transfer is appropriate here. The Defendants only ask for transfer in the alternative and Haas does not indicate whether he would prefer a transfer rather than a dismissal. Given the dismissal of the United States from this action, the interests of justice are best served by allowing Haas to determine whether he wishes to pursue a claim against the remaining Defendants in another forum. The Court notes that should he wish to do so, the United States Government has apparently offered its video-conferencing facilities to assist in any necessary discovery and proceedings free of charge to Mr. Haas. *See, e.g.,* Doc. 23 at 16.

**IT IS HEREBY ORDERED** that Defendants OHSU's and David L. Scott's Motion to Dismiss (Doc. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant United States' Motion to Dismiss (Doc. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court **TERMINATE THIS ACTION** and enter judgment accordingly.

Dated this 6th day of March, 2014.

*A. Murray Snow*
/G. Murray Snow
United States District Judge